**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Virginia**
**Richmond Division**

|  |  |
|---|---|
| *In re:* ) | |
| ) | Case No. 14-32396-KRH |
| Rudolf C. Denke, III ) | Chapter 13 |
| ) | |
| Debtor. ) | |
| ) | |
| | |
| Rudolf C. Denke, III ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | AP Case No. 14-03133-KRH |
| *v.* ) | |
| ) | |
| Bobbi Jo Denke, ) | |
| ) | |
| *Defendant*. ) | |

**ORDER GRANTING DEFAULT JUDGMENT**
**AND DECLARING DIVORCE-RELATED MORTGAGE-RELATED DEBT TO**
**FORMER SPOUSE DISCHARGEABLE PURSUANT TO 11 U.S.C. § 1328(a)**

Upon consideration of the Plaintiff's Motion for Default Judgment praying for the Court's entry of an Order of final disposition with regard to Plaintiff's Complaint Seeking Determination of Dischargeability Pursuant to 11 U.S.C. §§ 1328(a) and 523(a)(15) (the "Complaint") against Defendant Bobbi Jo Denke, and upon consideration of the pleadings and documents filed in this case, and because Defendant Bobbi Jo Denke is in default and both the Complaint and the Motion are otherwise well taken, it is:

**ORDERED** that:

1. This Court has subject matter jurisdiction based upon 28 U.S.C. §§ 157 and 1334;

2. This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A),(B) and (I);

Jason S. Greenwood (VSB #74941)
Greenwood Law Firm PC
1406 Princess Anne Street
Fredericksburg, VA 22401
(540) 368-5888
*Counsel for Plaintiff*

3. The Defendant was properly served and this Court has personal jurisdiction over the Defendant;

4. The Defendant has failed to file any responsive pleading in this matter and Defendant Bobbi Jo Denke is in default;

5. The Plaintiff's Motion for Default Judgment is hereby GRANTED;

6. Plaintiff and Defendant were married on June 17, 2000, in Alexandria, Minnesota;

7. Plaintiff and Defendant were divorced on October 21, 2011, pursuant to a Final Decree of Divorce entered by the Circuit Court of Spotsylvania County, Virginia (the "Divorce Decree");

8. The Divorce Decree affirmed, ratified and incorporated by reference a Memorandum Property Settlement agreed to by the parties on or about April 4, 2011 (the "Property Settlement");

9. The Property Settlement stated that Plaintiff would assume responsibility for the payment of both mortgage loans associated with the parties' former marital residence (the "Mortgage Debt") located at 321 Sycamore Drive, Fredericksburg, Virginia 22408 (the "Real Property");

10. Defendant Bobbi Jo Denke is a co-debtor and jointly and severally liable with Plaintiff with regard to the Mortgage Debt;

11. Neither the Property Settlement nor the Divorce Decree identified the Mortgage Debt as Alimony or Spousal Support;

12. Neither the Property Settlement nor the Divorce Decree identified the Mortgage Debt as Child Support;

13. Neither the Property Settlement nor the Divorce Decree terminated Plaintiff's Mortgage Debt obligation to Defendant upon the death or remarriage of the Defendant;

14. Neither the Defendant nor any dependent of the parties continued to reside at the Real Property after the entry of the Divorce Decree;

15. Plaintiff listed the Mortgage Debt to Defendant on Schedule F of his Chapter 13 Bankruptcy Petition and identified the Mortgage Debt as an unsecured, nonpriority debt pursuant to 11 U.S.C. § 523(a)(15);

16. Plaintiff's Chapter 13 Plan, confirmed by this Court on July 7, 2014 (the "Plan"), treats the Mortgage Debt as an unsecured, nonpriority debt;

17. In paragraph 3B of the Plan, the Plaintiff surrendered the Real Property to the secured lenders "in satisfaction of the secured portion of [the] creditors' allowed claims";

18. Defendant filed an amended proof of claim #4 in the Case on September 11, 2014 (the "Proof of Claim"), which identifies the Mortgage Debt as an unsecured, nonpriority debt;

19. Defendant's Proof of Claim asserts no priority or Domestic Support Obligation claims;

20. Plaintiff's obligation to pay the Mortgage Debt on the Real Property is a debt:

   a. To a Former Spouse;

   b. *Not* in the nature of alimony, maintenance or support;

   c. That was established before the filing of Debtor Plaintiff's Bankruptcy Petition and the order for relief in Debtor's Case;

   d. That was incurred by the Debtor Plaintiff in the course of divorce;

   e. That was incurred by the Debtor Plaintiff in connection with a Property Settlement Agreement and Divorce Decree; and

   f. That was incurred by the Debtor Plaintiff in connection with an Order of the Spotsylvania County Circuit Court of the Commonwealth of Virginia pursuant to applicable non-bankruptcy law;

21. The Mortgage Debt is not a Domestic Support Obligation, pursuant to 11 U.S.C. § 523(a)(5), as that term is defined at 11 U.S.C. 101(14A) ("Domestic Support Obligation);

22. The Mortgage Debt is a general, unsecured, nonpriority debt pursuant to 11 U.S.C. § 523(a)(15);

23. In accordance with 11 U.S.C. § 1328(a), because the Mortgage Debt is not a Domestic Support Obligation but rather a general, unsecured, nonpriority debt, pursuant to 11 U.S.C. § 523(a)(15), it is dischargeable upon Debtor Plaintiff's successful completion of all payments required by his confirmed Chapter 13 Plan and upon the entry of the Plaintiff's Order of Chapter 13 Discharge;

24. Because the Mortgage Debt is dischargeable pursuant to 11 U.S.C. § 1328(a), any and all alleged debts to the Defendant related to the nonpayment of the Mortgage Debt, including debts based on theories of indemnification, restitution or repayment of the Defendant and/or debts for attorneys' fees or costs related to the "enforcement" of the Mortgage Debt due to the Plaintiff's nonpayment of the Mortgage Debt are similarly dischargeable;

25. During the pendency of this case under chapter 13 and for the purposes of Debtor's Chapter 13 Plan, the Mortgage Debt shall be characterized as general, unsecured, nonpriority debt;

26. If the Debtor's Chapter 13 case is dismissed or converted to any other chapter under the U.S. Bankruptcy Code prior to entry of the Plaintiff's Order of Chapter 13 Discharge, this Order shall be void and the Mortgage Debt shall be reinstated minus any amounts paid to the Defendant through the Chapter 13 Plan during the life of the Debtor's Chapter 13 case;

27. With regard to Plaintiff's Complaint Seeking Determination of Dischargeability Pursuant to 11 U.S.C. §§ 1328(a) and 523(a)(15) against Defendant Bobbi Jo Denke, judgment in favor of Plaintiff is hereby GRANTED by default as to Defendant Bobbi Jo Denke; and

28. The Clerk will mail a copy of this Order to the parties listed below.

Date: Nov 24 2014

/s/ Kevin R Huennekens
Judge Kevin R. Huennekens
United States Bankruptcy Court

Entered on Docket: Nov 25 2014

I ask for this:

/s/ Jason S. Greenwood
Jason S. Greenwood (#74941)
GREENWOOD LAW FIRM PC
1406 Princess Anne Street
Fredericksburg, VA 22401-3639
Tel. (540) 368-5888
j.greenwood.@greenwoodlf.com
*Counsel for Plaintiff*

Seen and Consented to:

/s/ Robert E. Hyman
Robert E. Hyman
P.O. Box 1780
Richmond, VA 23219-1780
(804) 775-0979
*Ch.13 Trustee*

## Local Rule 9022-1(C) Certification

The forgoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/ Jason S. Greenwood

Jason S. Greenwood

**SERVICE LIST**

**Robert E. Hyman**
Ch. 13 Trustee
P.O. Box 1780
Richmond, VA 23219-1780

**Robert B. Van Arsdale**
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219-1849

**Bobbi Jo Denke**
**c/o Robert B. Goodall, Esq.**
Goodall, Pelt & Carper, P.C.
1259 Courthouse Road, Suite 101
Stafford, VA 22554

**Bobbi Jo Denke**
405 Marc Drive
Spotsylvania, VA 22551